Prob12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision

Case Number: 05CR10208-RGS

**Name of Offender:** Jon Chapman

**Name of Original Sentencing Judicial Officer:**     Honorable Joseph A. DiClerico, Jr.
U.S. District Judge
District of New Hampshire

**District of MA Sentencing Judicial Officer:**     To the Honorable Judge Assigned

**Date of Original Sentence:** 8/23/00

**Original Offense:**     Conspiracy to Possess with Intent to Distribute Cocaine
21 USC §§ 846 and 841 [a][1].

**Original Sentence:** 57 Months CAG, 36 Months Supervised Release with Special Conditions

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** 1/6/03

**Asst. U.S. Attorney:** To be assigned     **Defense Attorney:** To be assigned

---

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Standard condition that the defendant not commit another federal, state or local crime.** |

On 8/22/05, The probation office became aware that the defendant had been arrested by the Quincy, MA Police Department on 8/21/05. A police report regarding this matter was obtained which indicated that at approximately 6:35 pm on 8/21/05, Quincy Police Officers traveled to 173 Davis Street, Quincy, MA in an attempt to locate and arrest one Mary Bruning, the defendant's girlfriend, on outstanding warrants. On that date and time, while traveling in an unmarked police cruiser, officers observed a female who fit the description of Ms. Bruning outside that residence located approximately twenty feet from the front door. She was accompanied by a male party, later identified as the defendant, Jon Chapman (DOB 8/11/1957). As an officer exited his cruiser in full police uniform, both Bruning and Chapman immediately began to run toward the residence. An officer yelled to Bruning to stop, but she continued toward her front door. The officer ran up the front stairs and attempted to get in the front door but was pushed back by Chapman. As the officer again attempted to enter the front door, Chapman slammed the door into the officer in an attempt to stop the officer from

Jon Chapman  
Case Number:  
Prob 12C

- 2 -

**Petition and Affidavit for Warrant or Summons for Offender Under Supervision**

gaining entry to the apartment and arresting Bruning. Chapman then locked the door and refused to allow the officer entry. At this point, the officer requested back-up in order to secure the apartment building and deny Bruning and Chapman escape. A short time later, Bruning appeared in the officer's view through the glass door. The officer informed Bruning that police would remain at the location until her arrest was secured. Bruning then informed Chapman to unlock the door. Chapman hesitated but eventually unlocked and opened the door. Both Bruning and Chapman were arrested.

Chapman was arraigned in Quincy District Court on 8/22/05 and charged with A&B With a Dangerous Weapon on a Person Over 60 Years of Age (the arresting officer), A&B on a Police Officer, Resisting Arrest, and Interfering with a Police Officer, Docket #s: 0556CR005140A-D. The defendant was released on Personal Recognizance following his arraignment and the matter was continued to 10/21/05 for a Pretrial Hearing.

Following being released from state custody on 8/22/05, the defendant reported for a prescheduled meeting with this officer to discuss matters regarding his supervision. In the course of that meeting, this officer asked the defendant if everything was in order and whether there were any additional matters to discuss. The defendant reported that all was going well and failed to disclose the new arrest referenced above. This matter is not being pursued as a separate violation at this time as the conditions of supervision allow for 72 hours to report any new arrest. Should the defendant not disclose this matter as required, the petition will be amended accordingly.

2     **Violation of Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia released to such substances, except as prescribed by a physician.**

It is noted that the defendant has a long-standing substance abuse problem. Despite same, he had been able to secure and maintain a meaningful job and secure housing. In spite of these successes, the defendant has intermittently tested positive for cocaine use. He has been referred for detoxification, in-patient treatment and out-patient treatment during his supervision.

New legislation that became effective November 2, 2002 requires mandatory revocation of Probation and Supervised Release when an offender tests positive four times in a given year. Mr. Chapman had tested positive for illegal drug use on 11/17/04, 6/20/05 and 6/22/05. Although said occasions were responded to with treatment referral, the defendant again tested positive on 7/12/05. At that time, the District of Massachusetts Probation Office was supervising the case for the District of New Hampshire. In consultation with Supervising U.S. Probation Officer, Julius H. Britto, it was determined that a request would be made for the transfer of jurisdiction of this case to the District of Massachusetts where the matter of drug use would be addressed and an appropriate sanction would be recommended. It was felt that having local jurisdiction would contribute to greater efficiency in the supervision of this case. This officer learned from the District of Massachusetts Clerk's Office on 8/22/05, that the case had been received and a new docket number assigned.

| Jon Chapman | - 3 - | Petition and Affidavit for Warrant or Summons |
| Case Number: | | for Offender Under Supervision |
| Prob 12C | | |

**U.S. Probation Officer Recommendation:** The probation officer recommends that a warrant be issued for the offender's arrest at this time.

    The term of supervision should be:
        [X]    Revoked
        [ ]    Extended for year(s), for a total term of years.

[ ]    The conditions of supervision should be modified as follows:

Reviewed/Approved by:

_____
Julius H. Britto
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

By _____
Andrew J. Laudate
U.S. Probation Officer
Date: 8/22/05

**THE COURT ORDERS**
[ ]    No Action
[✓]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

_____
Signature of Judicial Officer

8/23/05
Date